```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

```
JOHN A. CAINE,                      :

     Plaintiff,                     :

vs.                                 :
                                         CIVIL ACTION 08-0417-M
MICHAEL J. ASTRUE,                  :
Commissioner of
Social Security,                    :

     Defendant.                     :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636© and Fed.R.Civ.P. 73 (*see* Doc. 17).  Oral argument was waived in this action (Doc. 20).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.

1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was fifty-two years old, had completed a high school education, and had no previous work experience (Doc. 13 Fact Sheet). In claiming benefits, Plaintiff alleges disability due to degenerative disc disease of the lumbar spine, cervicalgia with C7-8 radiculitis, and bilateral carpal tunnel syndrome (*id.*).

The Plaintiff filed an application for SSI on March 8, 2005 (Tr. 118-19). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Caine was capable of performing the light jobs of garment bagger and cafeteria attendant (Tr. 13-29). Plaintiff requested review of the hearing decision (Tr. 12A) by the Appeals Council, but it was denied (Tr. 5-7).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Caine alleges that the ALJ did not properly consider the opinions and conclusions of his treating physician (Doc. 13). Defendant has

responded to—and denies—these claims (Doc. 15).

Caine has claimed that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's treating physician.  Specifically, Plaintiff refers to the opinions and conclusions of Dr. Hankins (Doc. 13).  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[1] *see also* 20 C.F.R. § 404.1527 (2008).

On September 17, 2005, a consultative physical examination was completed by Dr. Travis Rutland who noted that he had some of Caine's medical records to review in conjunction with the examination (Tr. 175-79).  The doctor noted that Plaintiff was "very slow ambulating across the room.  He appears to ambulate much slower on request than he did coming to this examination room" (Tr. 177).  Though not reported herein, the Court notes that Rutland performed a thorough range of motion analysis on Caine's spine and extremities; Plaintiff had complaints of pain with internal rotation of the hip joints.  The doctor noted mild

---

[1]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

paravertebral muscle spasm over the lumbar spine, though there were no joint deformities or effusions; there was positive straight leg raise on the right. Rutland stated that Caine was "poorly cooperative" with the testing of his motor strength, muscle bulk and tone. The doctor's diagnosis was back pain secondary to degenerative disk disease and carpal tunnel syndrome. As far as his abilities, Dr. Rutland stated:

> The objective data from [the] examination indicate[d] that the claimant should be capable of standing or walking for about six hours with breaks every two hours in an eight-hour workday.
> He should be capable of sitting for six hours with breaks every two hours in an eight-hour workday.
> He requires no assistive device.
> He should be capable of lifting or carrying 20 pounds occasionally and 10 pounds frequently secondary to his back pain.
> Postural limitations would be limited to no bending, stooping, crouching, climbing crawling or pulling.
> He has no manipulative limitations and no environmental limitations.

(Tr. 178-79).

Medical records from Coastal Occupational Medicine show that Plaintiff was examined by Dr. J. Steven Hankins on December 10, 2004 and diagnosed him to suffer from chronic pain (Tr. 223; *see generally* Tr. 209-226). These records show that Caine was examined every four weeks through February 16, 2006, for chronic

pain and that the doctor regularly prescribed lortab,[2] xanax,[3] and robaxin.[4]  On almost every examination, the doctor's notes indicate decreased range of motion in the lumbar spine and that Caine was suffering with trigger points of pain and tenderness.

On November 2, 2005, Dr. Hankins completed a physical capacities evaluation in which he indicated that Plaintiff was capable of sitting for two hours and standing/walking for one hour at a time, but capable of sitting for six hours and standing/walking for one hour during an eight-hour day (Tr. 208). Plaintiff was able to lift up to ten pounds for eight hours, twenty pounds for seven hours, and twenty-five pounds for three hours though able to carry up to five pounds for eight hours, ten pounds for seven hours, twenty pounds for five hours, and twenty-five pounds for two hours.  The doctor indicated that Caine could not push/pull arm controls on the right and could reach for only two hours, bend, squat, and climb for less than one hour, and could never crawl.  Hankins also noted mild restrictions in working at unprotected heights.

---

[2]*Lortab* is a semisynthetic narcotic analgesic used for "the relief of moderate to moderately severe pain."  *Physician's Desk Reference* 2926-27 (52nd ed. 1998).

[3]*Xanax* is a class four narcotic used for the management of anxiety disorders.  *Physician's Desk Reference* 2294 (52nd ed. 1998).

[4]*Robaxin* "is indicated as an adjunct to rest, physical therapy, and other measures for the relief of discomforts associated with acute, painful musculoskeletal conditions."  *Physician's Desk Reference* 2428 (52nd ed. 1998).

On March 14, 2006, Hankins examined Plaintiff and noted that he had no sensory deficits, had full motor strength in the lower and upper extremities, and had full range of motion in the cervical, lumbar, and sacral spine; he did note tenderness in the paraspinals and continued his medications (Tr. 234).  The next four examinations, the last occurring on September 20, 2006, were essentially the same (Tr. 230-33).

On November 2, 2006, Dr. Hankins completed a form in which he indicated that Plaintiff's pain would distract him from adequately performing his daily activities or work, that physical activity would greatly increase his pain, and that the pain, or drug side effects, would be severe and limit his effectiveness due to distraction, inattention, or drowsiness (Tr. 228-29).  The doctor indicated that Caine would have to undergo carpal tunnel release within the next year if he had the finances.  Hankins also stated that Plaintiff had limited strength bilaterally and was limited in his ability to lift, push, and pull greater than ten pounds.

On November 15, 2006, Caine again saw Hankins who noted decreased range of motion in the lumbar-sacral spine and tenderness in the cervical and lumbar paraspinals though motor strength was normal; medications were continued (Tr. 240).  Similar findings were made in seven additional examinations occurring between December 13, 2006 and September 21, 2007 (Tr.

235-38, 248-52).

    The ALJ summarized these medical records (Tr. 19-20), but assigned no determinative evidentiary weight to Dr. Hankins's opinions because of the perceived inconsistencies between them (Tr. 24-25).  Specifically, the ALJ noted the following:

> Although he indicated in the PCE form that the claimant could frequently lift and carry up to 10 pounds and occasionally lift and carry up to 20 pounds and that the claimant had no significant manipulative or environmental limitations, Dr. Hankins limited the claimant to the performance of only a 7-hour workday and restricted the claimant to reaching for only 2 hours during an 8-hour workday.  It is inconsistent for Dr. Hankins to state that the claimant can perform the lifting and carrying requirements of the light exertional level yet do very little reaching.  Since reaching is required to do the lifting, carrying, pushing, pulling, simple grasping, and driving automotive equipment that Dr. Hankins said the claimant could do, the reaching limitation is illogical.  Likewise, the claimant's ability to lift and carry and use his legs and feet for repetitive movements as in the pushing and pulling of leg controls is inconsistent with a statement that the claimant is unable to stand or walk for more than one hour during an 8-hour workday.

(Tr. 24).  In finding that Plaintiff could perform specified jobs, the ALJ credited the findings and conclusions of Dr. Rutland (Tr. 24).

    In challenging the ALJ's findings, Plaintiff has pointed to the many times that he complained of very severe pain when being

examined by Dr. Hankins (Doc. 13, pp. 6-7).  The Court notes, however, that the ALJ found that Caine's own testimony of his pain and limitations was not credible (Tr. 27).  Plaintiff has not challenged that finding in this action.

Plaintiff has also pointed to the medications which have regularly been prescribed for his pain (Doc. 13, pp. 6-7).  Though the records demonstrate that Dr. Hankins routinely prescribed narcotics to Caine, this, itself, is not evidence of disability.  Plaintiff has, ultimately, failed to demonstrate to the Court that the ALJ's findings, regarding Dr. Hankins's conclusions, were incorrect.[5]

Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, see *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 11th day of February, 2009.


    s/BERT W. MILLING, JR.
    UNITED STATES MAGISTRATE JUDGE

---

[5] The Court notes that Plaintiff has made no real attempt to challenge the specific reasons the ALJ gave for rejecting Dr. Hankins's conclusions (Doc. 13).